UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GGNSC St. Paul Lake Ridge LLC d/b/a
Golden LivingCenter Lake Ridge,
Golden Gate National Senior Care LLC,
GGNSC Administrative Services LLC,
GGNSC Holdings LLC,
Golden Gate Ancillary LLC,
GGNSC Equity Holdings LLC, and
GGNSC Clinical Services LLC,

       Plaintiffs,

v.                                                                                                          Civil No. 11-1034 (JNE/FLN)
                                                                                                         ORDER

Peggy Dahlin, as Personal Representative
of the Estate of Margaret Clasen,

       Defendant.

     Invoking jurisdiction conferred by 28 U.S.C. § 1332 (2006), several limited liability companies brought this action against Peggy Dahlin, as Personal Representative of the Estate of Margaret Clasen, to enforce an arbitration agreement and for breach of the agreement.[1] Section 1332 provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Pursuant to its independent obligation to determine whether subject matter jurisdiction exists, *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010), the Court observes that Plaintiffs' allegations of the parties' citizenships are deficient. The Court grants Plaintiffs an opportunity to properly allege them.

---

[1] Plaintiffs also invoked 9 U.S.C. § 4 (2006). "The Federal Arbitration Act does not create independent federal question jurisdiction. Rather, § 4 of the Act 'provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.'" *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008) (citation omitted) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983)).

"When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).  As the parties invoking diversity jurisdiction, Plaintiffs bear the burden of establishing the citizenship of all parties.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).  For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members.  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

In the Complaint, each Plaintiff alleged that it is "a Delaware limited liability company" and that, "[f]or purposes of diversity jurisdiction, [it] is diverse from Defendant Clasen because its members and sub-members are citizens of state(s) other than Minnesota.  None of its members are Minnesota citizens."  Plaintiffs also alleged that "Defendant, Peggy Dahlin, as Personal Representative of the Estate of . . . Margaret Clasen, is a resident of the State of Minnesota."  Defendant moved to dismiss the Complaint and, in the alternative, "for Plaintiffs to amend their Complaint to plead more specifically their residencies for purposes of determining whether this Court possesses subject matter jurisdiction based on diversity."  Plaintiffs opposed the motion to dismiss and moved for leave to amend the Complaint.

In the proposed First Amended Complaint, Plaintiffs alleged that:  (1) GGNSC St. Paul Lake Ridge LLC's "sole member is GGNSC Equity Holdings LLC"; (2) "Golden Gate National Senior Care LLC's sole member is GGNSC Holdings LLC"; (3) "GGNSC Administrative Services LLC's sole member is GGNSC Holdings LLC"; (4) "GGNSC Holdings LLC's sole member is Drumm Investors LLC"; (5) "Golden Gate Ancillary LLC's sole member is GGNSC

Holdings LLC"; (6) "GGNSC Equity Holdings LLC's sole member is Golden Gate National Senior Care LLC"; and (7) "GGNSC Clinical Services LLC's sole member is Golden Gate National Senior Care LLC."  After each allegation of each Plaintiff's sole member, the clause "which is a citizen of California and Washington" appeared.  Plaintiffs also alleged that "Defendant, Peggy Dahlin, as Personal Representative of the Estate of . . . Margaret Clasen, is a resident of the State of Minnesota."

The Complaint's allegations of Plaintiffs' citizenships are plainly deficient.  *See, e.g.*, *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction.").  Although the proposed First Amended Complaint provides more information, it too fails to properly allege Plaintiffs' citizenships.

"[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).  Having reviewed the multiple layers of memberships alleged in the proposed First Amended Complaint, the Court discerns that each Plaintiff takes the citizenships of Drumm

Investors LLC's members.  Although the proposed First Amended Complaint alleges that Drumm Investors LLC is a citizen of Washington and California, no information about the membership itself of Drumm Investors LLC appears in the proposed First Amended Complaint.  To allege their citizenships, Plaintiffs shall specifically trace Drumm Investors LLC's membership through however many levels it may have.

With regard to Plaintiffs' allegation of Defendant's residence, the Court notes that residence and citizenship are not synonymous for purposes of diversity jurisdiction.  *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker*, 108 F.3d at 161; *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Having reviewed the Complaint and the proposed First Amended Complaint, the Court concludes that Plaintiffs have not satisfied their burden of pleading diversity jurisdiction.  To the extent Plaintiffs seek leave to file their proposed amended pleading, the Court denies their motion [Docket No. 14] without prejudice to their ability to file an amended complaint that redresses the deficiencies noted above.  *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach*, 135 F.3d at 593.  On or before July 18, 2011, Plaintiffs may file a First Amended Complaint that alleges the parties' citizenships at the time of this action's commencement.  *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004).  If Plaintiffs fail to do so, the Court will dismiss this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:  July 14, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

4