UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GGNSC St. Paul Lake Ridge LLC d/b/a
Golden LivingCenter Lake Ridge,
Golden Gate National Senior Care LLC,
GGNSC Administrative Services LLC,
GGNSC Holdings LLC,
Golden Gate Ancillary LLC,
GGNSC Equity Holdings LLC, and
GGNSC Clinical Services LLC,

      Plaintiffs,

v.                                       Civil No. 11-1034 (JNE/FLN)
                                            ORDER

Peggy Dahlin, as Personal Representative
of the Estate of Margaret Clasen,

      Defendant.

Invoking 28 U.S.C. § 1332 (2006), Plaintiffs brought this action to enforce an arbitration agreement and for breach of the agreement. Defendant's motion to dismiss is scheduled to be heard on July 21, 2011. Having reviewed the First Amended Complaint, which Plaintiffs filed pursuant to the Order of July 14, 2011, the Court cancels the July 21 hearing and directs the parties to submit memoranda that address whether subject matter jurisdiction exists.

For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). The First Amended Complaint indicates that each Plaintiff takes the citizenship of the Silva Family Trust and the Washington State Investment Board. It alleges that the Silva Family Trust is a trust established under the laws of California and has California citizens as trustees, and that "[t]he Washington State Investment Board is an agency of the State of Washington."

"There is no question that a State is not a 'citizen' for purposes of diversity jurisdiction." *Moor v. Cnty. of Alameda*, 411 U.S. 693, 717 (1973); *see Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Trust Co.*, 640 F.3d 821, 826 (8th Cir. 2011). "Nor is an entity that is merely an 'alter ego' or 'arm' of a State a citizen for purposes of § 1332(a)(1)." *State St. Bank & Trust*, 640 F.3d at 826 (citing *Moor*, 411 U.S. at 717). In *State Street Bank & Trust*, the Eighth Circuit held that public retirement systems were not citizens for purposes of § 1332(a)(1) because they were "merely arms" of a state. *Id.* at 826-33.

The Court questions whether subject matter jurisdiction exists given that each Plaintiff's membership, traced through its multiple layers, includes a state agency. The Court directs the parties to submit memoranda that address whether subject matter jurisdiction exists. The parties shall address whether the Washington State Investment Board is a citizen for purposes of § 1332(a)(1). In light of the uncertainty surrounding subject matter jurisdiction, the Court cancels the July 21 hearing. If the Court determines that subject matter jurisdiction exists, the Court will reschedule the hearing of Defendant's motion to dismiss.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The hearing on July 21, 2011, is cancelled.

2. On or before July 26, 2011, Plaintiffs shall submit a memorandum of law that addresses whether subject matter jurisdiction exists. On or before August 2, 2011, Defendant shall submit a memorandum of law in response. The memoranda shall comply with Local Rule 7.1(d), (f) except that no memorandum may exceed 5000 words.

Dated: July 19, 2011

          s/ Joan N. Ericksen
          JOAN N. ERICKSEN
          United States District Judge